

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

DORCINE TURNER, :
                Plaintiff,
    v.

CHASE HOME FINANCE, LLC,        : CIVIL ACTION NO. 11-cv-4031

                Defendant.    : JURY TRIAL IS DEMANDED.

## COMPLAINT - CIVIL ACTION

### A. Jurisdiction and Venue

1. Federal jurisdiction is based upon a federal question under the FDCPA.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

### B. Parties

3. Plaintiff Dorcine S. Turner is a natural person residing at 5927 Wayne Avenue, Philadelphia, PA 19144 (hereinafter "the property").

4. Defendant CHASE HOME FINANCE, LLC ("Chase") is a corporation engaged in the business of servicing residential mortgage loans with principal offices at 3415 Vision Drive Columbus, OH *43219*.

### C. Factual Allegations

5. Prior to the events described hereinafter, plaintiff's subprime loan with American Mortgage Inc. was, after its 2006 origination, securitized into a loan pool trust with the servicing rights either retained by or sold to Washington Mutual and or its related subsidiary Long Beach Mortgage.

6. In 2009, Defendant acquired from Washington Mutual and Long Beach the

servicing rights to plaintiff's loan when said loan was in default.

7. Plaintiff was granted a HAMP loan modification in 2009 and thereby became current again on his mortgage.

8. In 2010, plaintiff's annual loan escrow amount for tax and insurance was $3,100.

9. On or about November, 2010, defendant sent check a refund of escrow in the amount of $1,528.00 and decreased plaintiff's total payment from $1099 to $1086.

10. Thereafter, in January, 2011, without knowledge or notice to plaintiff, defendant placed plaintiff in a new policy of insurance carrying a premium of $600.00 more per year.

11. In February, 2011, Plaintiff's monthly loan payment increased to $1,333.45.

12. In February, 2011, Defendant sent plaintiff a notice that he was two (2) months in default on his mortgage.

13. Despite repeated phone calls to defendant by plaintiff, Chase has knowingly refused to properly account for plaintiff's loan payments and otherwise impose unwarranted forced place insurance costs and fail assess required escrow balances all causing wrongful collection demands and damage to plaintiff's credit.

14. Upon information and belief, Chase is reporting derogatory credit information to the Credit Reporting Agencies based on its false allegations of plaintiff's default on his mortgage loan.

15. Plaintiff has suffered emotional stress, mental anguish and humiliation as a result of the Defendant's threatened commencement of foreclosure and wrongful accounting of his loan as well as severe damage to his credit by defendant.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

17. Chase is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, in that, at the time it became the servicing agent for plaintiff's loan, the loan debt was contractually in default and Chase otherwise regularly collects debts owed to another, such as the Trust which currently alleges ownership of plaintiff's loan.

18. Proper accounting for plaintiff's mortgage loan payments would have determined that plaintiff was not in arrears and that any arrears was caused by defendant failing to properly account for escrow charges for the 2011 time period and otherwise force placing homeowners insurance in fraudulent or negligent manner so as to cause plaintiff's alleged default.

19. Chase's payment statements and collection letters to plaintiff have incorrectly stated the amount and the status of plaintiffs' debt.

20. Chase violated §1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt;

21. Chase violated §1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt.

## COUNT II - DEFAMATION

22. Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

23. Defendant's aforesaid reporting of plaintiffs being in arrears on their loan was and continues to be false.

24. Despite plaintiffs' repeated complaints, Defendant conducted no reasonable investigation of the truth or veracity of its defamatory statements concerning the reporting or accounting of plaintiffs' loan over the last nine (9) months.

25. Defendant made its defamatory statements concerning the reporting or accounting of plaintiffs' loan with reckless disregard of the truth or veracity of those statements without concern that the statements would harm plaintiffs.

26. Defendant's statements to the CRAs were made publicly and intended to be made public.

27. Plaintiff has been harmed by defendant's defamatory statements of derogatory credit remarks including but not limited to denials of credit.

28. Defendant's conduct is sufficiently outrageous to justify punitive damages.

### COUNT III - EQUITY

29. Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

30. Plaintiff demands equitable relief in the form of defendant being ordered to render accurate accounting of his loan including but not limited to said loan's escrow component.

### JURY DEMAND

Plaintiff demands trial by jury.

### PRAYER FOR RELIEF

Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

   d. Equitable relief in the form of an accurate accounting of plaintiffs' loan.

   e. Punitive damages for defamation;

   f. Such other and further relief as may be just and proper.

Dated: June 20, 2011
/s/RC935
Robert P. Cocco, P.C.
Attorney for Plaintiff

JS 44 (Rev. 3/99) **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DORCINE TURNER

**CHASE HOME FINANCE LLC**
County of Residence of First Listed OHIO
(IN U.S. PLAINTIFF CASES)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(b) County of Residence of First Listed Plaintiff PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
ROBERT P. COCCO, P.C.
1500 WALNUT ST., SUITE 900
PHILADELPHIA, PA 19102   215-351-0200

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| 110 Insurance | 310 Airplane | 362 Personal Injury— Med. Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 315 Airplane Product Liability | 365 Personal Injury— Product Liability | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | | | 630 Liquor Law | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgments Act | 330 Federal Employers' Liability | **PERSONAL PROPERTY** | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 371 Truth in Lending | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus | 740 Railway Labor Act | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 870 Taxes (U.S. Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | 791 Empl. Ret. Inc. Security Act | 871 IRS-Third Party 26 USC 7609 | [x] 890 Other Statutory Actions |
| 290 All Other Real Property | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §1692(K)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in Complaint:
JURY DEMAND: [x] Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 6/20/11   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

JUN 20 2011

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -- DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 5927 Wayne Avenue, Philadelphia, PA 19144.

Address of Defendant: 3415 Vision Drive Columbus, OH 43219

Place of Accident, Incident or Transaction: 5927 Wayne Avenue, Philadelphia, PA 19144.
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☑
RELATED CASE, IF ANY: None.
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐ No ☑

2. Does this case involve the same issue of factor grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐ No ☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
(Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases

**ARBITRATION CERTIFICATION**
(Check appropriate Category)

I, Robert P. Cocco, _____ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 6/20/11        Robert P. Cocco        61907
                     Attorney-at-Law        Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/20/11        _____        61907
                     Attorney-at-Law        Attorney I.D.#



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| DORCINE TURNER | : CIVIL ACTION |
| v. | : |
| CHASE HOME FINANCE LLC. | : NO. 11-CV-4031 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.    (  )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    (  )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.    (  )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.    (  )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (  )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.    ( X )

6/20/11                     /s/ Attorney
(Date)                      Attorney-at-law

ROBERT P. COCCO, ESQ.
Attorney for Plaintiff

JUN 20 2011