IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORCINE TURNER, | CIVIL ACTION NO. 11-4031 |
| Plaintiff, | |
| v. | |
| CHASE HOME FINANCE, LLC., | |
| Defendant. | |

**DEFENDANT CHASE HOME FINANCE, LLC, NOW KNOWN AS JPMORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER TO CHASE HOME FINANCE LLC'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

COMES NOW, Defendants Chase Home Finance, LLC, now known as JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance LLC ("Chase"), by and through it undersigned counsel, Duane Morris LLP, for its Answer to Plaintiff's Complaint, states:

### AS TO JURISDICTION AND VENUE

1.     Denied.  Chase denies the allegations contained in paragraph 1 of the Complaint as a conclusion of law to which no response is required.

2.     Denied.  Chase denies the allegations contained in paragraph 2 of the Complaint as a conclusion of law to which no response is required

### AS TO THE PARTIES

3.     Admitted on information and belief.

4.     Denied as stated.  Suffice to say that the Chase, a national banking association, as defined above, is in the business of servicing residential mortgage loan.

## AS TO THE FACTUAL ALLEGATIONS

5.     Admitted in part, denied in part.  Chase admits that Plaintiff and American Mortgage, Inc. entered into a loan transaction in 2006, and that after such origination, the Mortgage became part of a securitized trust and that the servicing rights of said Mortgage were retained for some period of time by Washington Mutual.  Chase, however, denies the remaining allegations contained in paragraph 5 of the Complaint.

6.     Denied as stated.  Suffice to say that Chase is the current servicer of the subject loan.

7.     Admitted in part, denied in part.  Chase admits that Plaintiff was approved for a HAMP loan modification in 2009, but denies the remaining allegations contained in paragraph 7 of the Complaint.

8.     Denied.  Chase denies the allegations contained in paragraph 8 of the Complaint.

9.     Denied.  Chase admits only that it sent to Plaintiff a refund of $1,528.69 on October 26, 2010, but denies the remaining allegations of paragraph 9 of the Complaint.

10.     Admitted in part, denied in part.  Chase admits only that as a result of force placing hazard insurance, Plaintiff's obligation to Chase increased.

11.     Denied as stated.  To the contrary, Plaintiff made no payment for February 2011.

12.     Admitted in part, denied in part.  The notice to which Plaintiff refers is a document which speaks for itself.  Accordingly, Chase admits so much of the allegations contained in paragraph 12 of the Complaint which are consistent with the notice and denies so much of the allegations which are not.

2

13.     Denied.  Chase denies the allegations contained in paragraph 13 of the Complaint.

14.     Denied.  Chase denies the allegations contained in paragraph 14 of the Complaint.

15.     Denied.  Chase denies the allegations contained in paragraph 15 of the Complaint.

## AS TO COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

16.     Chase incorporates its answers above as though more fully set forth herein at length.

17.     Denied.  Chase denies the allegation contained in paragraph 17 of the Complaint as a conclusion of law to which no response is required.

18.     Denied. Chase denies the allegations contained in paragraph 18 of the Complaint.

19.     Denied.  Chase denies the allegations contained in paragraph 19 of the Complaint.

20.     Denied. Chase denies the allegations contained in paragraph 20 of the Complaint.

21.     Denied.  Chase denies the allegations contained in paragraph 21 of the Complaint.

## AS TO COUNT II – DEFAMATION

22.     Chase incorporates its answers above as though more fully set forth herein at length.

23.     Denied. Chase denies the allegations contained in paragraph 23 of the Complaint.

24.     Denied.  Chase denies the allegations contained in paragraph 24 of the Complaint.

25.     Denied. Chase denies the allegations contained in paragraph 25 of the Complaint.

26.     Denied.  Chase denies the allegations contained in paragraph 26 of the Complaint.

27.     Denied.  Chase denies the allegations contained in paragraph 27 of the Complaint.

28.     Denied.  Chase denies the allegations contained in paragraph 28 of the Complaint.

## AS TO COUNT III - EQUITY

29.     Chase incorporates its answers above as though more fully set forth herein at length.

30.     Denied. Chase denies the allegations contained in paragraph 30 of the Complaint.

## AFFIRMATIVE DEFENSES

### AS FOR A FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff has failed to set forth, in whole or in part, a cause of action for which relief may be granted.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff's claims are preempted in whole or in part by 15 U.S.C. § 1681t(b)(1)(F) and/or 15 U.S.C. § 1681h(e).

### AS FOR A THIRD AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE

34.     Plaintiff's state law claims are preempted by Federal law,  regulation and/or pronouncements of the Office of the Comptroller of the Currency ("OCC").

### AS FOR A FIFTH AFFIRMATIVE DEFENSE

35.     If a violation of law occurred, which JPM denies, such violation was not persistent nor intentional.

DM1\2783131.1

*AS FOR A SIXTH AFFIRMATIVE DEFENSE*

36.     If a violation of the law occurred, which Chase denies, such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

**PRAYER**

WHEREFORE, Chase prays for an order:

(1) entering judgment against Plaintiffs on each claim contained in the Complaint;

(2) dismissing Plaintiffs' Complaint with prejudice;

(3) awarding JPM its attorneys' fees and costs;  and

(4) such further relief as the Court deems equitable and just.

Dated: August 15, 2011

Respectfully submitted,
DUANE MORRIS LLP

_____/s/ Brett L. Messinger_____
Brett L. Messinger
30 South 17th Street
Philadelphia, PA 19103
(215) 979 1508
(215) 979 1020 fax
Email:  blmessinger@duanemorris.com

Attorneys for Defendant JPMorgan Chase
Bank, N.A.

5

DM1\2783131.1